[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Robert Colon has appealed the judgment entered upon a jury's verdict in favor of plaintiff-appellee Cindy West in an action involving injuries she suffered in a fall on steps outside of rental property owned by Colon. West was injured when defendant Gregory Reinstatler slipped and fell on her while the two were descending the steps after visiting friends.
 The sole assignment of error alleges that the trial court erred in overruling Colon's motion for a directed verdict.
 When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.
 Civ.R. 50(A)(4); see Texler v. D.O. Summers Cleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 693 N.E.2d 271; Lewis v. Clark Equip. Co. (Dec. 14, 2001), Hamilton App. Nos. C-990441, C-990687 and C-990714, unreported. In ruling on a motion for a directed verdict, the trial court must determine whether there is any evidence of substantial probative value to support the claims of the party against whom the motion is made. See Texler v. D.O. Summers Cleaners Shirt Laundry Co., supra.
Following a review of the record, we hold that there was sufficient evidence of a rental agreement between Colon as landlord and defendants Thomas Breyer and Brody Cianciolo as tenants. A rental agreement may be oral. See R.C. 5321.01(D); James v. Ewing (Nov. 30, 1999), Franklin App. No. 99AP-05, unreported; Miller v. Ritchie (May 31, 1988), Clermont App. No. CA87-08-070, unreported. Colon's counsel admitted in opening statement that Colon owned the property and that Breyer and Cianciolo were tenants. Breyer testified that Colon was his landlord. Colon testified on cross-examination that he owned the property, that he was responsible for outside maintenance, and that he rented a portion of the building to tenants.
Further, we hold that there was substantial probative evidence that the condition of the steps caused Reinstatler's fall and West's injuries. Reinstatler testified that he had slipped because the steps were warped and wet. He also testified that the fact that there was no handrail within his reach had directly contributed to his fall. The evidence was clear that Colon had actual knowledge of the condition of the steps.
We hold that there was substantial probative evidence to support West's claim against Colon. We cannot say that reasonable minds could only have come to a conclusion adverse to West. The trial court did not err in denying Colon's motion for a directed verdict. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.